## GREGORY v. UNITED STATES et al.

United States District Court
S. D. New York.

June 27, 1950.

Jacob Rassner, New York City, for libelant.

Irving H. Saypol, U. S. Atty., New York City, Kirlin, Campbell, Hickox & Keating, New York City, of counsel, for respondents.

NOONAN, District Judge.

The parties by agreement have limited the matter to be decided by this court to the issue of whether or not the libellant may maintain a cause of action against the respondent, to recover a claim under a War Risk Policy, Title 46 U.S.C.A. §§ 1128–1128h. The precise question here is whether the libellant's action is time barred.

Libellant alleges that on a voyage in February to April 1945, an arrested tubercular condition was caused to flare up, and, as a result, he was and is disabled.

The provisions of the statute [1] clearly indicate Section 745, Title 46 U.S.C.A.[2] is applicable. This libel was not filed until April 6, 1950, and, therefore, is not a suit brought "within two years after the cause of action arises".

Libellant argues the point that the language of Sec. 1128d, intends that the time for bringing an action does not begin to run until there is an administrative disapproval of the claim. This court is of the opinion that this would be an unwarranted interpretation.

In his affidavit libellant said he relied on assurances of employees of the respondent that his claim would be favorably disposed of. However, the language of 1128d, upon which he bases his action here, also afforded him adequate warning of the time limitation for bringing his suit.

Therefore, the respondent's exception as to the third cause of action is sustained. Further, the order to be submitted in accord with this decision shall incorporate therein, the agreement of the parties as to the first and second causes of action.

---

1. The pertinent provisions of Sec. 1128d are as follows: "In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under sections 1128–1128h of this title, an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which the claimant or his agent may reside, or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service. Said suits shall proceed and shall be heard and determined according to the provisions of sections 741–752 of this title insofar as such provisions are not inapplicable and are not contrary to or inconsistent with the provisions of sections 1128–1128h of this title."

2. The pertinent provisions of Sec. 745 are as follows: "Provided, That suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises."